UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

January 30, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Jackie T. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1309-BAH

Dear Counsel:

On June 1, 2022, Plaintiff Jackie T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 11, the parties' cross-motions for summary judgment, ECFs 12 and 14, and Plaintiff's response, ECF 16.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT Plaintiff's motion insofar as it seeks remand as a remedy, DENY Defendant's motion, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on November 7, 2017.[2] Tr. 35, 231–39. Plaintiff's claim was denied initially and on reconsideration. Tr. 125–28, 137–38. On October 2, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 67–83. Following the hearing, on January 13, 2020, the ALJ determined that

---

[1] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because the motions in this case were filed prior to the effective date of the Standing Order, the Court will refer to them as motions for summary judgment.

[2] Both parties and the ALJ list November 7, 2017, as Plaintiff's application date. Tr. 35; ECF 12-1, at 1 (citing Tr. 231–39); ECF 14-1, at 1 (citing Tr. 231). The Court notes, however, that the application says "[o]n December 4, 2017, [Plaintiff] applied for Supplemental Security Interest . . . ." Tr. 231. Because both parties and the ALJ use November 7, 2017, as the application date, the Court will do so as well.

Plaintiff was disabled within the meaning of the Social Security Act[3] during the relevant time frame and issued a fully favorable decision. Tr. 109–17. However, the Appeals Council ("AC") reviewed the decision of its own accord. Tr. 189–94. On December 3, 2020, the AC found the decision's analysis inadequate, set aside the fully favorable decision, and remanded to an ALJ to hold a supplemental hearing and issue a new decision. Tr. 118–24. At the hearing in front of a different ALJ, Plaintiff indicated she wanted the ALJ to decide her case on the record and did not testify further. Tr. 57–58. Subsequently, on August 16, 2021, the ALJ found Plaintiff not disabled under the Social Security Act during the relevant time frame. Tr. 29–54. The AC denied Plaintiff's request for review, Tr. 3–8, so the second ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 7, 2017, the application date." Tr. 35. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "right lumbar foraminal stenosis," "EMG confirmed right lower extremity sensory radiculopathy," and "obesity." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "bilateral carpal tunnel syndrome," "obstructive sleep apnea," "uterine leiomyatomas," "GERD, erosive gastritis, and hiatal hernia" and that Plaintiff's "diagnosis of fibromyalgia" and "diagnosis of cervicalgia" are not "medically determinable impairment[s]." Tr. 35–36. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 37. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20CFR 416.967(a) except the claimant can never climb ladders, ropes or scaffolds but she can occasionally perform all other postural activities occasionally. She can never work at unprotected heights or

---

[3] 42 U.S.C. §§ 301 et seq.

around moving mechanical parts and she can be exposed to occasional vibration. She [can] frequently handle and finger bilaterally.

Tr. 39. The ALJ determined that Plaintiff was not able to perform past relevant work as a companion (DOT Code 309.677-010)[4] or a home health aide (DOT Code 354.377-014) but could perform other jobs that existed in significant numbers in the national economy including callout operator (DOT Code 237.367-014), document preparer (DOT Code 249.587-018), or telephone information clerk (DOT Code 237.367-046). Tr. 46–47. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 47.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

---

[4] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Jackie T. v. Kijakazi*
Civil No. 22-1309-BAH
January 30, 2023
Page 4

## IV. ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) analyzed whether Plaintiff's fibromyalgia was a medically determinable impairment in violation of Social Security Ruling (SSR) 12-2p, ECF 12-1, at 11–17; and (2) evaluated medical opinions contained in Plaintiff's record, *id.* at 17–19. Defendant counters that the ALJ "properly evaluated Plaintiff's potential fibromyalgia under [SSR] 12-2p, and reasonably concluded that Plaintiff failed to satisfy *all* requirements establishing fibromyalgia as a medically determinable impairment." ECF 14-1, at 5–10 (emphasis in original) (citing 20 C.F.R. § 416.912(a)). Further, Defendant argues that the ALJ properly considered the medical opinions in the record under the relevant regulations. *Id.* at 11–16.

Under SSR 12-2p, an ALJ can use two different sets of criteria to determine whether a claimant's fibromyalgia is a medically determinable impairment: the 1990 American College of Rheumatology (ACR) Criteria or the 2010 ACR Criteria. 2012 WL 3104869, at *2–3 (S.S.A July 25, 2012). The 1990 ACR Criteria include: (1) "[a] history of widespread pain"; (2) "[a]t least 11 positive tender points on physical examination"; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." *Id.* The 2010 ACR Criteria include: (1) "[a] history of widespread pain"; (2) "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions" (footnotes omitted); and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at *3. A "physician's diagnosis alone" is not sufficient. *Id.* at *2.

Here, at step two, the ALJ found that "the claimant's diagnosis of fibromyalgia . . . is not a medically determinable impairment, as it does not meet the requirements of SSR 12-2p. . . . A diagnosis alone cannot meet the definition of a medically determinable impairment." Tr. 35–36. The ALJ did not engage in any further analysis or explanation. "Because severity is not a high bar, an analysis of the medical evidence is essential. . . . Without such analysis, this Court cannot determine whether the ALJ's Step Two determination was based on substantial evidence." *Exum v. Astrue*, No. SAG-11-2073, 2012 WL 5363445, at *2 (D. Md. Oct. 26, 2012) (citing *Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir.1984)) (finding remand proper where an ALJ's failure to evaluate a claimant's fibromyalgia at step two "infected the analysis at the subsequent steps").

Plaintiff argues that she meets the 2010 ACR Criteria, and that the ALJ erred by failing to assess Plaintiff's fibromyalgia under those criteria. ECF 12-1, at 12. Defendant argues that Plaintiff cannot establish that she meets the criteria. ECF 14-1, at 5–8.[5] Whether or not Plaintiff

---

[5] Defendant further contends that it is not clear whether Plaintiff was actually diagnosed with fibromyalgia. ECF 14-1, at 7–8. Yet it appears that the ALJ found that she was. *See* Tr. 35 ("[T]he undersigned finds that the claimant's diagnosis of fibromyalgia . . . is not a medically determinable impairment . . . ."), 42 ("On December 9, 2020, [treatment notes] document normal physical exam findings despite diagnoses of fibromyalgia, chest pain, headaches, and fatigue . . . ." (citation omitted)).

meets the criteria listed in SSR 12-2p is for the ALJ, not the Court, to decide. Nevertheless, because the ALJ acknowledged Plaintiff's fibromyalgia diagnosis yet simply failed to provide any further explanation for finding it not to be a medically determinable impairment, I am unable to determine whether the ALJ's finding is supported by substantial evidence. *See Exum*, 2012 WL 5363445, at *2; *Re v. Berryhill*, No. ADC-16-3990, 2017 WL 6729291, at *5 (D. Md. Dec. 28, 2017) (finding that the ALJ committed reversible error in finding that the claimant's fibromyalgia was not a medically determinable impairment based on an analysis of the 1990 ACR Criteria, but not the 2010 ACR Criteria, as mandated by SSR 12-2p).

Defendant argues that even if the ALJ erred at step two, such error was harmless. ECF 14-1, at 8–10. I disagree. "Courts have found that an ALJ's failure to consider whether a particular condition constitutes a severe impairment [or a medically determinable impairment] at step two may be harmless error if the ALJ determined that a claimant has at least one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps." *Crystal S. v. Kijakazi*, No. MJM-20-3717, 2022 WL 4539717, at *3 (D. Md. Sept. 28, 2022) (citing *Baker v. Astrue*, Civ. No. SAG-10-1045, 2012 WL 12751, at *3 (D. Md. Jan. 3, 2012)).

Here, the ALJ did not fully consider Plaintiff's fibromyalgia at subsequent steps of the sequential evaluation. "Because fibromyalgia is not a listed impairment, at Step Three of the sequential evaluation, the ALJ must determine whether the claimant's fibromyalgia meets another listing, independently or in combination with another impairment." *Hawkins v. Comm'r, Soc. Sec. Admin.*, No. SAG-13-3774, 2014 WL 5381852, at *6 (D. Md. Oct. 21, 2014) (citing SSR 12-2p, 2012 WL 3104869, at *6). The ALJ here did not consider fibromyalgia at step three, whether independently or in conjunction with another impairment. Tr. 37–38. Instead, the analysis focuses exclusively on musculoskeletal system listings 1.15 and 1.16 and the effect of Plaintiff's obesity under SSR 19-2p. *Id.*

Nor does the ALJ's RFC analysis support a finding of harmless error.[6] Though the ALJ's explanation of the RFC does include mention of fibromyalgia as part of Plaintiff's medical history, it does not fully consider Plaintiff's condition or its symptoms. The ALJ suggests that the severity of Plaintiff's subjective complaints of pain is inconsistent with the evidence relating to Plaintiff's medically determinable impairments. For example, the ALJ highlighted treatment records that "note [Plaintiff's] pain seems out of proportion to her MRI results." Tr. 42 (citation omitted). The ALJ also concluded that "[t]he claimant's conservative course of treatment and medications and recorded physical and mental signs and symptoms do not fully support the claimant's allegations."

---

[6] The ALJ noted that she gave the limitations in the RFC "out of an abundance of caution as claimant refused to go to the consultative exam and she would not testify" at the post-AC remand hearing. Tr. 39. Though true, there is other evidence in the record that may support a finding that Plaintiff's fibromyalgia is a medically determinable impairment. *See, e.g.*, Tr. 527, 626–28, 630–33, 970, 974. To be clear, I make no finding regarding whether Plaintiff's fibromyalgia diagnosis constitutes a medically determinable impairment. The error here lies in the lack of explanation of the ALJ's finding.

Tr. 43. However, the ALJ never engaged in the two-step symptoms analysis under *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020), which would have been proper were fibromyalgia found to be a medically determinable impairment. Such an analysis is especially important in cases where, as here, a "conservative" course of treatment could be explained by that fact that fibromyalgia is a "[c]hronic, incurable condition[]" that is "customarily managed by 'conservative' measures such as medication and dietary changes." *Knight v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2515, 2017 WL 3088365, at *2 (July 20, 2017) (citing *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010); *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2008)); *see also Dry v. Comm'r, Soc. Sec. Admin.*, No. SAG-13-3168, 2014 WL 6983402, at *2 (D. Md. Dec. 9, 2014) (remanding where SSR 12-2p became effective after the ALJ issued the decision, but the Court could not discern whether the decision complied with its requirements because (1) there was evidence in the record that the claimant was diagnosed with fibromyalgia, (2) the ALJ did not consider whether it was a severe impairment, and (3) the ALJ "simply mentioned" the claimant's fibromyalgia treatment but "engaged in no further discussion"). Thus, because the ALJ did not adequately address Plaintiff's fibromyalgia at subsequent steps, the error at step two is not harmless and remand is appropriate. *See Hawkins*, 2014 WL 5381852, at *7 (remanding where the ALJ did find a claimant's fibromyalgia to be a non-severe impairment but failed to assess it under SSR 12-2p and failed to adequately discuss it in the RFC assessment).

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to properly evaluate the medical opinions in the record. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

### V. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is GRANTED insofar as it seeks remand as a remedy, and Defendant's motion for summary judgment, ECF 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge